NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3362
_____

TINA TRAN,

Appellant

v.

HAE YEON BAIK, ESQUIRE
individually;
LAW OFFICES OF HAE YEON BAIK,
i/j/s/a

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 1-04-cv-04257)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2011
_____

Before:  RENDELL, AMBRO, and FISHER, <u>Circuit Judges</u>

(Opinion filed January 14, 2011)

_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

This case turns on whether Appellant Tina Tran may object to the Magistrate Judge's denial of her motion to submit an expert report and testimony out of time. Because we believe that she has waived the right to object to the discovery order and that her argument against the entry of summary judgment fails, we affirm the judgment of the District Court.

I.

In 2001, Tran entered into a contract with Kyong H. Kim to purchase for $1.9 million Kim's liquor store business (Cans & Bottles, Inc.), the liquor license for the same, and the real estate where the store was located. During the negotiations, Hae Yeon Baik, at the Law Office of Hae Yeon Baik (collectively, "Baik"), was Kim's counsel. Several months after Tran paid a $300,000 deposit for the store and took over management, she had a dispute with Kim about an additional fee for inventory and the lack of a liquor license. Thereafter, Kim sent a letter backing out of the deal, terminating Tran as manager, but agreeing to return Tran's deposit. But shortly thereafter, the State of New Jersey closed the liquor store for $600,000 in unpaid taxes, and Kim filed for bankruptcy. Tran received an unsecured claim of $650,000 and a secured claim of $350,000 in the bankruptcy case. She also received a claim to 50% of any proceeds from a malpractice action filed by Kim against Baik.

In 2004, Tran filed suit in New Jersey's Camden County Superior Court against Baik. She advanced four claims: legal malpractice, breach of fiduciary duty, breach of

2

contract, and violation of the New Jersey Consumer Fraud Act.[1]  Baik removed to

Federal District Court based on diversity of citizenship.

The Magistrate Judge issued a scheduling order with the following key deadlines: November 8, 2007 for Tran's expert reports and January 14, 2008 as the deadline for Baik's dispositive motions.  On January 11, 2008, Baik filed a motion for summary judgment.  On February 19, Tran moved for leave to serve her expert reports late.  The Magistrate granted the motion and ordered Tran to serve all of her final expert reports by April 16, 2008.  She did not.  On December 1, 2008, Baik filed an amended motion for summary judgment.  On January 5, 2009, Tran filed her response and cited an expert report on damages prepared by the Saccamanno Valuation Group, LLC.  She moved for leave to serve that report and testimony out of time.  The Magistrate denied the motion, stating that Baik would be "substantially prejudiced" if Tran were permitted to serve the late report and noted that she had already once received an extension.  App. at 39. Because Tran had demonstrated a pattern of neglect and failure to comply with scheduling orders, the Court "infer[red] bad faith or willfulness on her part."  *Id.*  Tran did not object to or appeal the Magistrate's decision to the District Court.

In July 2009, that Court granted Baik's motion for summary judgment, opining that Tran had failed to present evidence of any damages she suffered from Baik's malpractice (in light of Tran's settlement with Kim in the bankruptcy case), an essential

---

[1] Tran does not appear to appeal the District Court's grant of summary judgment on the last count.  In any event, we agree with the Court that an attorney acting in her professional capacity cannot be held liable under the New Jersey Consumer Fraud Act. *See Macedo v. Dello Russo*, 840 A.2d 238, 242 (N.J. 2004).

element of the first three claims. Tran appealed, claiming the expert report and testimony should have been allowed and that the District Court erred in granting summary judgment.[2]

## II.

With certain exceptions that are not relevant here, magistrate judges may "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). However, litigants may appeal magistrate judges' non-dispositive rulings by filing objections in the District Court within the time allotted in Federal Rule of Civil Procedure 72(a).[3] *See Niehaus v. Kan. Bar Assoc.*, 793 F.2d 1159, 1164-66 (10th Cir. 1986), *superseded by statute on other grounds as stated in DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 911 F.2d 1377, 1383-84 (10th Cir. 1990) (treating a motion to compel discovery as non-dispositive). A party's failure to object to a magistrate's non-dispositive ruling waives the objection. *United Steelworkers of Am. AFL-CIO v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1007-08 (3d Cir. 1987); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) ("[P]recluding appellate review of any issue not contained in objections . . . prevents a litigant from 'sandbagging' the district judge by failing to object

---

[2] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] That Rule provides: "A party may serve and file objections to [a non-dispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."

and then appealing."). As noted, Tran did not object to the Magistrate Judge's order until this appeal. Accordingly, it is waived. [4]

Even if it were not, the Magistrate acted well within his discretion. We consider the four *Meyers* factors in determining whether to exclude or admit evidence or testimony:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977); *see also Konstantopoulos v. Westvaco Corp*, 112 F.3d 710, 719 (3d Cir. 1997).

As applied here, the factors counsel against admission of the expert report. Prior to her motion, Tran had already missed discovery deadlines. Not only did this behavior delay the case but it also imposed additional discovery costs on Baik. Thus, we agree with the District Court that allowing the late report would have prejudiced Baik. We do not believe that the prejudice could have been easily cured. As the Magistrate aptly noted, "[g]iven Tran's past action in the case, even if the Court granted her motion it has no comfort that she would not file another motion in the future to use late evidence." App. at 39-40. Finally, we too have little to combat the inference of bad faith or

---

[4] Because Tran apparently did not raise the issue to the District Court in a timely fashion, it was not required to address it while deciding the motion for summary judgment. However, the Court did include a footnote, noting that Tran had sought to introduce an additional expert report on damages, which it would not consider because the Magistrate had denied it.

willfulness in light of Tran's decision to wait until Baik had moved for summary judgment before filing her second motion to serve an expert report out of time.

As of March 2008, Tran was on notice that her lateness was unacceptable. Thus, her failure to improve her punctuality thereafter was inexcusable.

### III.

Tran also argues that the District Court erred in granting Baik's motion for summary judgment. We review the decision to grant a motion for summary judgment *de novo*, reading all facts in the light most favorable to the non-moving party. *Facenda v. N.F.L. Films*, 542 F.3d 1007, 1013 (3d Cir. 2008).

The District Court concluded that Tran "ha[d] not provided evidence of the damages she suffered as a result of Baik's alleged misconduct" and therefore granted Baik's motion for summary judgment. App. at 6. We decline to disturb the Magistrate's order rejecting the damages report, and Tran does not appear to contest the Court's other findings in connection with the lack of damages shown. Thus, we affirm the grant of summary judgment because, absent proof of damages, Tran has failed to make a *prima facie* case.

\* \* \* \* \*

For these reasons, we affirm the judgment of the District Court.

6